UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONIO SUAREZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-05147 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Antonio Suarez is an immigration detainee proceeding with a petition for writ of habeas corpus, arguing that his detention has become unconstitutionally prolonged per *Zadvydas v. Davis*, among other claims. *See* Dkt. No. 1 at 2, 13–14. For the reasons that follow, the Court GRANTS Petitioner's *Zadvydas* claim (Count 1) and orders his immediate release.

## I. BACKGROUND

Petitioner was ordered removed to Cuba in *abstentia* on March 17, 2025. *See* Dkt. No. 9-3. Both parties concede that this order is administratively final. *See* Dkt. No. 1 at 2; Dkt. No. 9 at 2; Dkt. No. 10 ¶ 19. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on January 19, 2026, following an arrest for larceny and possession of a controlled substance, purportedly in order to effectuate his removal to Cuba. Dkt. No. 9-1 at 2; Dkt. No. 9-2 at 23–24. Based on the record before the Court, however, it appears the Government has made no attempt to remove Petitioner Cuba—i.e., the country designated in his removal order. Rather, roughly a week after his arrest, the Department of Homeland Security ("DHS") served Petitioner with a notice that they intended to remove him to Mexico. *See* Dkt. No. 9-4. Since that initial notice, DHS has made several attempts to obtain Petitioner's consent to be removed to Mexico, but Petitioner has refused to sign the document signifying his consent. Dkt. No. 10 ¶¶ 12–15. Respondents are purportedly treating his refusal to consent to removal to Mexico—a country which is not designated in

Petitioner's removal order nor one which it appears Petitioner has any ties to—as "obstructive acts that prolong his period of detention." Dkt. No. 9 at 2; *see* Dkt. No. 10 ¶ 20 ("ICE has determined that Petitioner's failure to cooperate has extended the removal period under 8 U.S.C. § 1231(a)(1)(C)").

**II. DISCUSSION**

Respondents claim that Petitioner's continued detention is lawful under 8 U.S.C. § 1231, and that they remain ready to remove Petitioner to Mexico once he "cooperates" by signing the Notice of Removal to Mexico. Dkt. No. 9 at 2–5. The Court, however, finds that Petitioner's now seven-month detention is no longer lawful as Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Section 1231(a)(6) authorizes detention beyond the typical 90-day removal period during. 8 U.S.C. § 1231(a)(6) (explaining that, under certain circumstances, an alien "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)"). However, § 1231(a)(6) allows detention beyond this 90-day window only for "a period *reasonably necessary* to bring about that [noncitizen]'s removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "The presumptive ceiling for this detention is six months, after which, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" *Arias Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380, at *1 (E.D. Cal. Aug. 4, 2026) (quoting *Zadvydas*, 533 U.S. at 689).

Petitioner has met his initial burden under this test. His now seven months of detention has surpassed the 6-month presumption in *Zadvydas*. And the fact that he does not consent to his removal to Mexico demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future. "Indeed, district courts have repeatedly found that similarly situated petitioners—Cuban nationals whom the Government is attempting to remove to Mexico against their will—have met their initial burden [under *Zadvydas*], especially because the current standing agreement with Mexico appears to be conditioned on the consent of the noncitizen." *Arias Garcia*,

2026 WL 2254380, at *2 (collecting cases); *see also Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *3 (W.D. Wash. Jan. 21, 2026) (finding removal to Mexico not reasonably foreseeable where "Mexico's acceptance [of him] may be contingent on [his] consent, which [Petitioner] is unwilling to provide") (internal quotations omitted); *Rodriguez-Fernandez v. Bondi*, No. 2:26-CV-00170-TMC, 2026 WL 445562, at *3–4 (W.D. Wash. Feb. 17, 2026) (same); *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026); *Barbaro Elisie Gaceran-Jimenez v. D. Marin, et al.*, No. 5:26-CV-01973-BFM, 2026 WL 2262177, at *3 (C.D. Cal. Aug. 5, 2026) (noting that "[t]he consensus among the federal courts of this Circuit is that "Mexico refuses to accept citizens of countries other than Mexico who do not consent to removal").

Relying on § 1231(a)(1)(C), Respondents argue that Petitioner's refusal to consent to removal to Mexico has the effect of extending his removal period beyond the authorized 90-days. Dkt. No. 9 at 4–6. In *Pelich v. INS*, the Ninth Circuit found that the government was authorized to extend a noncitizen's detention period pursuant to § 1231(a)(1)(C) because the petitioner had been ordered removed to Poland, but refused to complete certain travel documents to effectuate that removal. *Pelich v. INS*, 329 F.3d 1057, 1059–61 (9th Cir. 2003). *Pelich* then "set[s] forth a narrower rule, inapplicable here, that the noncitizen's failure to cooperate with removal to the country *to which he was ordered removed* tolls the 90-day [detention] period." *Couso Mendez v. Warden California City Det. Facility*, No. 1:26-CV-4977-TLN-JDP, 2026 WL 2192274, at *2 (E.D. Cal. July 29, 2026), *report and recommendation adopted sub nom. Couso M. v. Warden, California City Det. Facility*, No. 1:26-CV-4977-TLN-JDP, 2026 WL 2216125 (E.D. Cal. July 31, 2026) (emphasis added).

"Here, in contrast … Petitioner merely refused to affirmatively agree to his removal to a third country to which he has no ties[,]" and which he has never been ordered removed to. *Rivero-Tapanes v. Rokosky*, No. CV-26-01542-PHX-RM (CDB), 2026 WL 1469826, at *4 (D. Ariz. May 26, 2026). Section 1226(a)(1)(C) does not authorize the continued detention of an individual so that the Government may obtain his consent to be removed to a third country he has not been

afforded the opportunity to challenge. *See Barbaro Elisie Gaceran-Jimenez*, 2026 WL 2262177 (finding that refusal to provide affirmative consent to removal to Mexico "does not constitute noncooperation of a kind that would trigger a suspension of the removal period"). "To adopt the Government's position on the use of detention to strong-arm third-country removals would not only undermine the consent required in those removals but also sanction the use of detention to coerce otherwise unavailable deportations." *Arias Garcias*, 2026 WL at *3.

As Respondents have not presented any other arguments to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future to either Cuba or Mexico, Petitioner is entitled to release.

## III. CONCLUSION AND ORDER

1. The Petition for Writ of Habeas Corpus is GRANTED as to count one in the Petition. [1]

2. Respondents are ordered to immediately release Petitioner from their custody under reasonable terms of supervision pursuant to 8 C.F.R. § 241.5.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 28, 2026

EDWARD J. DAVILA
United States District Judge

[1] Petitioner also asserts that ICE improperly revoked his Order of Supervision prior to his arrest and that his attempted third country removal is unlawful. *See* Dkt. No. 1 at 14–18. Because Petitioner's *Zadvydas* claim entitles him to complete relief—i.e., release from detention—the Court need not, and does not, address the additional claims raised in the petition. *See N.K. v. Noem*, No. 1:26-CV-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count).